■ In the Matter of ANN M. GOELKEL, Appellant, v. BOARD OF APPEALS OF THE CITY OF NEW ROCHELLE, Respondent.— In a proceeding under article 78 of the Civil Practice Act, to review and annul a determination of the Board of Appeals of the City of New Rochelle, dated July 25, 1960, affirming the local building official's decision denying petitioner's application for a certificate of partial change of occupancy of her one-family private dwelling from exclusively residential use to a combined residential and private school use, and for

a variance if necessary, petitioner appeals from an order of the Supreme Court, Westchester County, dated November 13, 1961, which denied her petition to set aside the board's determination. Order affirmed, without costs. No opinion. Beldock, P. J., Christ and Rabin, JJ., concur; Kleinfeld and Brennan, JJ., dissent and vote to reverse the order; to annul the board's determination; and to grant the petition, with the following memorandum: Petitioner has been denied relief primarily because of her alleged failure to comply with a 60-foot side yard requirement of the local zoning ordinance. Generally, the purpose of a side yard requirement is to protect the adjoining owner's light and air. In this case the requirement may, perhaps, have the additional purpose of keeping a nonresidential use at least 60 feet from the adjoining property. As petitioner plans to use her building, the nonresidential use will be actually more than 60 feet from the adjoining property. Under a practical construction of the side yard requirement, in keeping with its intended purpose, petitioner's use of her building is therefore permitted as of right; she needs no variance. If it be assumed, *arguendo*, that petitioner does need a variance, she made the requisite showing of " practical difficulty " which entitled her to a variance. The record shows that she could not use her present building for a school unless she demolished most of it; and that the only alternative to such destruction would be to erect a new building at a cost which would make the whole school project economically unfeasible. No showing of hardship is required, as the variance sought was an area variance. Nor was there any basis for the board's finding that the variance sought by petitioner would be detrimental to the public welfare or out of harmony with the improvements in the district, since: (a) the city has already permitted nine other kindergarten schools in residential zones and has thus construed its own ordinance as permitting such use; and (b) petitioner's property is just across the road from a country club.